IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-262-BO-KS

| | |
|---|---|
| AARON KOONS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BROCK CABINETS, INC., )<br>)<br>Defendant. ) | ORDER |

This matter is before the Court on defendant's motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and a hearing on the motion was held before the undersigned on January 21, 2026, at Raleigh, North Carolina. In this posture, the motion is ripe for disposition. For the reasons that follow, defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff is a former employee of defendant whose employment ended on December 15, 2023. In his amended complaint, plaintiff alleges claims under the Americans with Disabilities Act (ADA) for discriminatory discharge, failure to accommodate, and retaliation as well as claims under North Carolina law for retaliation in violation of the North Carolina Retaliatory Discrimination Act (REDA) and wrongful discharge in violation of North Carolina public policy.

Plaintiff was originally hired by defendant in February 2007. After being laid off for economic reasons, plaintiff was rehired in March 2009. Plaintiff left defendant's employment in 2012 and was rehired when he returned to North Carolina in April 2017.

In July 2020, plaintiff fell at work when a strap attached to a pallet he was pulling broke and plaintiff fractured his coccyx. Plaintiff subsequently filed a workers' compensation claim which was accepted by defendant's carrier. Plaintiff was assigned work restrictions which limited him to lifting fifteen pounds or less and pushing and pulling no more than forty pounds. In March 2020, plaintiff's physician declared that plaintiff was at maximum medical improvement and that his work restrictions resulted in a 20% disability rating and permanent restrictions. Plaintiff has suffered from chronic pain following his workplace injury as well as depression. Defendant allegedly accommodated plaintiff's disability until December 11, 2023, when plaintiff learned that defendant's workers' compensation carrier was closing plaintiff's claim. Plaintiff was informed he would have to resign from defendant's employment. Plaintiff went to human resources to ask about his prior work restrictions continuing to be accommodated, but defendant could not guarantee that they could continue with plaintiff's accommodations. Plaintiff's supervisor then told him that plaintiff had made a mistake by going to human resources and plaintiff's employment was terminated on December 25, 2023. Defendant contended that plaintiff's employment was terminated due to economic reasons, but plaintiff was the only employee fired.

## DISCUSSION

Defendant has moved to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). This standard does not require detailed factual allegations, *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019), but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Defendant argues that plaintiff's failure to accommodate claim under the ADA should be dismissed for failure to exhaust his administrative remedies. A party is required to first file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) prior to bringing an ADA lawsuit in court, and the scope of a plaintiff's lawsuit is determined by the EEOC charge's contents. *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012). Any allegations or claims of discrimination outside the scope of the EEOC charge are deficient for failure to exhaust administrative remedies. *See id.* at 594; *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent [] lawsuit." *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Thus, where the administrative charge alleges one type of discriminatory practice but the complaint alleges another type, the type of discriminatory practice alleged in the complaint is typically barred. *Chacko*, 429 F.3d at 509.

Here, plaintiff's EEOC charge lists ADA disability and ADA retaliation as the types of discrimination plaintiff faced.[1] Plaintiff's narrative discussion refers to defendant's accommodation of his work restrictions following his workplace accident, but it fails to include any allegation that he requested an accommodation that was refused by defendant. Contrary to plaintiff's argument, a failure to accommodate claim would not be developed by a reasonable investigation into plaintiff's charge, as there are no facts in the narrative which would suggest that any request accommodation was denied by defendant. Rather, plaintiff has changed the type of discrimination he has alleged, not merely the type of accommodation, and this claim is therefore not exhausted. *See Walton v. Harker*, 33 F.4th 165, 174 (4th Cir. 2022). Plaintiff's ADA failure to accommodate claim is dismissed.

The Court has considered plaintiff's remaining claims in light of the applicable standard, and finds that he has plausibly stated claims for relief.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss plaintiff's amended complaint [DE 15] is GRANTED IN PART and DENIED IN PART. Plaintiff's ADA failure to accommodate claim is DISMISSED for failure to exhaust. Plaintiff's remaining claims may proceed. Defendant's motion to dismiss plaintiff original complaint [DE 8] is DENIED AS MOOT.

SO ORDERED, this 18 day of February 2026.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] While often parties file claims with the EEOC without the benefit of counsel, and their EEOC charge should be construed to protect the party's rights, here plaintiff's EEOC charge was filed by counsel. *Sydnor*, 681 F.3d at 594.

4